(January 8, 1916.)

## ARTHUR MARINEAU, Appellant, v. HUMBIRD LUMBER CO., a Corporation, Respondent.

[154 Pac. 492.]

PERSONAL INJURY—NEGLIGENT CONSTRUCTION AND MAINTENANCE OF MACHINERY—SAFE PLACE IN WHICH TO WORK—NONSUIT.

1. Held, that the court did not err in granting a nonsuit and entering judgment of dismissal.

2. Held, that the evidence fails to show any neglect on the part of the defendant in the construction or maintenance of its sawmill machinery.

3. Held, that the plaintiff assumed the risk of injury at the time and place he was injured.

[As to duty of master to furnish servant with safe appliances and a safe place to work in, see note in 33 Am. St. 766.]

APPEAL from the District Court of the Eighth Judicial District for Bonner County. Hon. John M. Flynn, Judge.

Action to recover for personal injuries in a sawmill accident. Judgment for defendant. *Affirmed.*

G. H. Martin, for Appellant.

The defendant became aware of the plaintiff's danger and was aware of it at the time the plaintiff was employed. It had notice of the danger yet it did nothing to lessen the danger or to remove it. It was in duty bound to use or-dinary care for the purpose of avoiding just such an injury as resulted to the plaintiff, and having failed to use such ordinary care to prevent such injuries, it will not be heard to say that the plaintiff was contributorily negligent. (*Chiara v. Stewart Min. Co.*, 24 Ida. 473, 135 Pac. 245.)

The evidence disclosed that the plaintiff slipped and that in undertaking to regain his balance and save himself from a fall his foot passed between the roll table and the drive shaft. Under such circumstances, even though the plaintiff assumed the risk and was guilty of contributory negligence,. the accidental slipping will relieve him of the consequences. (*Christianson v. Northwestern C. Board Co.*, 83 Minn. 25, 85 Am. St. 440, 85 N. W. 826; *Snyder v. Waldorf Box Board Co.*, 110 Minn. 40, 124 N. W. 450; *Herrick v. Quigley*, 101 Fed. 187, 41 C. C. A. 294; *Chicago, R. I. & P. R. Co. v. Brown,.* 229 U. S. 317, 33 Sup. Ct. 840, 57 L. ed. 1204.)

E. W. Wheelan, for Respondent.

An examination of the testimony of the plaintiff himself discloses that he assumed the risk of injury in the manner in which he was injured by reason of such risk or danger being open, visible and obvious. (*Goure v. Storey,* 17 Ida. 352, 105 Pac. 794; 1 Labatt on Master & Servant, sec. 263;. *Brown v. Tabor Mill Co.*, 22 Wash. 317, 60 Pac. 1126; *Bier v.. Hosford*, 35 Wash. 544, 77 Pac. 867; *Lee v. Northern Pacific R. Co.*, 39 Wash. 388, 81 Pac. 834; *Raven v. Seattle Electric Co.*, 47 Wash. 637, 92 Pac. 451; *Lord v. Pueblo Smelting & Refining Co.*, 12 Colo. 390, 21 Pac. 148; *Iowa Gold Min. Co.,. v. Diefenthaler*, 32 Colo. 391, 76 Pac. 981; Bailey on Master's. Liability for Injuries to Servant, pp. 153–155.)

SULLIVAN, C. J.—This action was brought to recover for personal injuries alleged to have been sustained while

in the employ of the defendant corporation as a "setter" on a log carriage in defendant's sawmill.

It is alleged that said injury occurred because of defendant's negligence in the construction of a roller table and shaft connected therewith, and that for that reason defendant did not furnish the plaintiff with a safe place in which to work.

The answer denied that the roller table and shaft were negligently constructed or maintained, and alleged that the same were constructed and maintained in the usual and customary manner followed by sawmill owners, and that the roller tables and shafting similarly constructed were and now are in general use in all well-equipped sawmills, and denied that there was no safe place for the defendant to work, and averred that the injury sustained by the plaintiff was the result of his own negligence.

At the close of plaintiff's testimony, defendant moved for a nonsuit. The court granted the motion and entered judgment dismissing the action. Thereafter a motion for a new trial was made and denied by the court, and this appeal is from the order denying a new trial.

Appellant contends that the court erred in not granting a new trial on the ground, (1) that the evidence was sufficient to go to the jury; (2) that the defendant was absolutely negligent and that such negligence was the proximate cause of plaintiff's injury; (3) that plaintiff did not assume the risk and was not guilty of contributory negligence.

On an examination of the evidence, we are satisfied that the court did not err in denying said motion for a new trial. We are also satisfied that the plaintiff assumed the risk of whatever danger there was connected with said roller table and shaft.

The record fails to show any negligence on the part of defendant, but does show that the plaintiff assumed the risk of injury at the time and place he was injured.

Finding no error in the record, the judgment is affirmed, and it is so ordered, with costs in favor of respondent.

Budge and Morgan, JJ., concur.